Barelli
*v.*
Riviere.

---

## Jones *v.* Fellowes et al.

Where cotton seized under execution by consent of parties is shipped by the sheriff to factors residing in another parish for sale, and the latter accept the consignment with knowledge of the capacity in which the sheriff held the property, they cannot refuse to pay over the proceeds on the ground of a claim for supplies furnished to the plantation on which the cotton was produced; nor can they question the sheriff's authority to send the property beyond his bailwick. Any privilege for supplies claimed by them must be asserted before the court under whose process the sheriff holds the cotton. In such a case compensation cannot take place; the parties not being indebted to each other. C. C. 2203.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Wray*, for the plaintiff. *Mott*, for the appellants. The judgment of the court was pronounced by

Slidell, J. This is an action to recover the nett proceeds of certain cotton shipped to defendants, commission merchants, by the plaintiff, as sheriff of the parish of Caddo. It appears that the cotton had been seized by the sheriff under an execution, and, instead of a sale in the ordinary manner, he shipped it, by agreement of parties, to the defendants, with instructions to sell it and await his further orders. Such in substance is the result of the evidence. The defendants refuse to pay over the proceeds, on the ground of a claim for supplies furnished to the plantation upon which the cotton was produced.

The defendants when they accepted the consignment were aware that plaintiff held it as a legal custodian, and expected them to answer accordingly for the proceeds. If they were dissatisfied with the terms of the consignment, they should have rejected it. Having accepted it without reservation, they must carry out their contract by paying over the proceeds to the sheriff; and, if they have a privilege for supplies, must prosecute it before the court at Caddo, under whose process the sheriff holds. We do not think that, under the circumstances, the defendants have a right to raise the question of the sheriff's authority to send the property out of his bailwick.

This is not a case in which compensation can take place, because the plaintiff, the consignor of the property, and the defendants are not indebted to each other. The plaintiff represents, it is true, the owner of the plantation, who is the alleged debtor of the present defendants; but he also represents the seizing creditors. See Civil Code, art. 2203. Merlin, *verbo* Compensation, § III.

*Judgment affirmed.*